UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MANUEL ANTONIO HERRERA HERNANDEZ,

    Plaintiff,

vs.                               Case No. 21-CV-1057

DAVID CHURCHILL,
TAMMY CLARK JORGENSEN and
DEBRA KNISBECK,

    Defendants.

## DEFENDANT DEBRA KNISBECK ANSWER TO AMENDED COMPLAINT

NOW COMES the above-named defendant, Debra Knisbeck, by her attorneys, Kopka Pinkus Dolin PC, and as and for an answer to the plaintiff's amended complaint hereby admits, denies and alleges to the court as follows:

### A. PARTIES

1. Answering paragraph 1, admits.

2. Answering paragraph 2, admits that the defendant, Debra Knsbeck, was employed at the Dodge Detention Facility in Juneau Wisconsin. Further, denies knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

### B. STATEMENT OF THE CLAIM

1. Answering paragraph 1, admits.

2. Answering paragraph 2 through 15, denies knowledge or information sufficient to form a belief as to the allegations contained therein except to affirmatively allege that none of the alleged conduct of Debra Knisbeck, nor any other healthcare provider at Dodge Detention Facility,

violated the plaintiff's constitutional civil rights under either the 8th or 14th amendments nor did such conduct constitute negligence or otherwise violate any other standard of care for those healthcare providers.

## C. JURISDICTION OF COURT

1. This answering defendant does not contest the jurisdiction of the court.

## D. RELIEF SOUGHT

1. This answering defendant denies that the plaintiff will be entitled to any relief, whether injunctive, compensatory damages, punitive damages or any other damages whatsoever, resulting from their alleged conduct.

## **AFFIRMATIVE DEFFENSES**

As and for affirmative defenses, this answering defendant, Debra Knisbeck, hereby alleges and shows to the Court as follows:

1. That the Plaintiff has failed to acquire personal jurisdiction over the Defendant, Debra Knisbeck, by virtue of failing to properly effectuate service of process of the Summons and Complaint upon her.

2. That the Plaintiff's Complaint should be dismissed due to Plaintiff's failure to exhaust administrative remedies.

3. To the extent the Government Defendants are named in their personal capacities, all or portions of the Plaintiff's Complaint must be dismissed pursuant to the Doctrine of Qualified Immunity.

4. That any claims for monetary damages in this case are limited under the provisions of 42 USC §1997(e)(e).

5. That at all times relevant to the matters plead in the Plaintiff's Complaint, Debra Knisbeck acted in good faith and in accordance with established laws and administrative rules.

6. That all or a portion of the Plaintiff's claims are subject or are barred by the Doctrines of Comparative Negligence, Contributory Negligence, and/or Superseding Cause.

7. That, to the extent the Plaintiff has failed to mitigate his damages, his damages should be reduced accordingly.

8. That plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, this answering defendant hereby requests judgment, dismissing the plaintiff's complaint, upon its merits, with prejudice together with all costs allowed by law and for whatever other relief the court deems just and equitable.

Dated this 13th day of January, 2023.

    KOPKA PINKUS DOLIN P.C.
*Attorneys for Defendants*

By: *Electronically signed by Paul J. Pytlik*
    Paul J. Pytlik
    State Bar No. 1001127
    Herschel B. Brodkey
    State Bar No. 1117719

**P.O. ADDRESS:**
N19 W24200 Riverwood Drive, Suite 140
Waukesha, WI 53188-1191
Tel.: (414) 251-0314
Fax: (219) 794-1982
E-mail: pjpytlik@kopkalaw.com
    hbbrodkey@kopkalaw.com